IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES GELNETT, et al.,      :     Case No. 4:15-CV-1910
                              :
         Plaintiffs,      :
      v.                    :     (Judge Brann)
                                :
TOWNSHIP OF CHAPMAN,     :
a 2nd class township,      :
                                :
         Defendant.      :

**MEMORANDUM**
November 24, 2015

Plaintiffs James Gelnett, Jameson Gelnett, Melissa Gelnett, Ann Lauver, and Courtney Lauver (hereinafter collectively "Plaintiffs") filed an action against Defendant Chapman Township (hereinafter "Chapman Township") in the Court of Common Pleas of Snyder County, Pennsylvania, alleging the three following counts: Count I: Takings without just compensation under the Fifth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, Count II: Trespass, and Count III: Conversion.[1] Chapman Township subsequently removed the action to this Court.[2]

Pending before the Court is Chapman Township's motion to dismiss all three counts of Plaintiffs' complaint.[3] Plaintiffs requested an extension of time to

---

[1] ECF No. 1, Attachment 1.
[2] ECF No. 1.
[3] ECF No. 3.

file their brief in opposition, which the Court granted.[4] Plaintiffs then failed to file their brief in opposition prior to the deadline set by the Court.  For the following reasoning, Chapman Township's motion to dismiss is granted in part and denied in part. Count I of Plaintiffs' complaint is dismissed without prejudice and the matter is remanded to the Snyder County Court of Common Pleas.

## I. BACKGROUND

Plaintiffs are the owners of a one-half interest in land situated in Chapman Township, Snyder County, Pennsylvania. Plaintiffs allege that since 2009, Chapman Township has interfered with their property on a continuous and regular basis. Specifically, Plaintiffs claim that through actions of "supervisors and road crew," Chapman Township has changed the run-off of storm water from its right of ways in a manner that diverts water and dirt runoff onto Plaintiffs' property. Plaintiffs also allege that the township supervisors and road crew removed dirt and valuable trees and erected a manure retention pond that obstructs water flow with a foul smelling manure mud on their property. These actions by Chapman Township allegedly "diminished the [Plaintiffs'] real property value and caused a financial loss in an amount less than $50,000."

---

[4] ECF No. 5.

## II. LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.[5]  However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions."[6]  In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.[7]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[8]  At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.[9]

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face.[10]  "Determining whether a complaint

---

[5] *See Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).
[7] *Kost*, 1 F.3d at 183.
[8] *Iqbal*, 556 U.S. at 678.
[9] *See Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).
[10] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007).

states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading."[12]  Federal Rule of Civil Procedure 8 "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests.'"[13]  Even under this lower notice pleading standard, however, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief.[14]  Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory.[15]  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief."[16]

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding."[17]  A court may dismiss a

---

[11] *Iqbal*, 556 U.S. at 663-664.
[12] *Hellmann v. Kercher*, No. 07-1373, 2008 WL 1969311 at * 3 (W.D. Pa. May 5, 2008) (Lancaster, J.).
[13] *Twombly*, 550 U.S. at 554 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
[14] *See Hellmann*, 2008 WL 1969311 at *3.
[15] *See Twombly*, 550 U.S. at 561.
[16] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)).
[17] *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

claim under Rule 12(b)(6) where there is a "dispositive issue of law."[18]  If it is

beyond a doubt that the non-moving party can prove no set of facts in support of its

allegations, then a claim must be dismissed "without regard to whether it is based

on an outlandish legal theory or on a close but ultimately unavailing one."[19]

## III. DISCUSSION

As previously stated, Plaintiffs initially filed their action in the Court of

Common Pleas in Snyder County, Pennsylvania. Plaintiffs allege three counts

against Chapman Township: Count I: Taking without just compensation, Count II:

Trespass, and Count III: Conversion.[20] In its motion to dismiss, Chapman

Township alleges that all three counts should be dismissed.[21]

First,  Plaintiffs allege that Chapman Township's actions violated the

Takings Clause of the Fifth Amendment of the United States Constitution.[22]

Chapman Township argues that Count I should be dismissed because Plaintiffs

have failed to plead facts indicating that they exhausted their remedies under

Pennsylvania law.[23] Chapman Township further contends that Count I should be

---

[18] *Id.* at 326.
[19] *Id.* at 327.
[20] ECF No. 1, Attachment 1.
[21] ECF No. 3.
[22] ECF No. 1, Attachment 1.
[23] ECF No. 4 at 5.

dismissed with prejudice because Plaintiffs "have in fact not sought and been denied payment of just compensation for any alleged taking."[24]

In addition, Plaintiffs allege violations of state law in Counts II and III.[25] Chapman Township argues that the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541, *et seq.*, provides governmental immunity and protects Chapman Township from suit for intentional torts. Because trespass and conversion are both intentional torts, it argues, Counts II and III should be dismissed without leave to amend.

The Fifth Amendment of the United States Constitution prohibits the taking of private property for public use without "just compensation."[26] If just compensation has been paid, however, no claim arises under the Fifth Amendment for the taking of private property.[27] It follows that if the government has provided an adequate process for obtaining compensation, the property owner cannot claim a violation unless the property owner has gone through the process provided by the government and compensation was denied.[28]

Accordingly, prior to asserting a federal takings claim a plaintiff must first "seek compensation through the procedures the State has provided for doing so."[29]

---

[24] *Id.*
[25] ECF No. 1, Attachment 1.
[26] U.S. CONST. amend. V.
[27] *Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194-195 (1985).
[28] *Id.*
[29] *Id.* at 194.

6

Therefore, a plaintiff must pursue his or her takings clause claims in State court, if a remedy exists, before the case can be ripe for review in federal court.[30]

In *Chainey v. Street*,[31] plaintiff homeowners brought suit against the city of Philadelphia after their homes were destroyed in a fire caused by the MOVE bombing.[32] The city had agreed to rebuild the plaintiffs' homes but, after expending millions of dollars in excess of the original estimate, ceased repairing and rebuilding them.[33] The plaintiffs brought suit under various claims, including a takings clause claim under the Fifth Amendment of the United States Constitution.[34] The United States Court of Appeals for the Third Circuit held that the claim was not yet ripe to be heard in federal court because "Pennsylvania provides adequate process for plaintiffs to obtain just compensation" under Pennsylvania's Eminent Domain Code.[35]

In the case at hand, Plaintiffs fail to plead any facts indicating that they have exhausted the procedure under the State law of the Commonwealth of Pennsylvania. Furthermore, Plaintiffs make no claim under Pennsylvania's Eminent Domain Code in their pleadings. Therefore, Count I of Plaintiffs'

---

[30] *Danihel v. Office of President of U.S.*, 616 Fed. Appx. 467, 470 (3d Cir. 2015), *citing Chainey v. Street*, 523 F.3d 200, 222 (3d Cir. 2008).
[31] *Chainey v. Street, 523 F.3d* at 204.
[32] *Id.* at 205.
[33] *Id.* at 207.
[34] *Id.* at 207-208.
[35] *Id.* at 222-223; 26 Pa. C.S.A. § 101, *et al.*

complaint is not yet ripe for review in this Court and is, accordingly, dismissed without prejudice.

Consequently, this Court does not have subject matter jurisdiction to review Counts II and III of Plaintiffs' complaint. Section 1441(a) of Title 28 of the United States Code provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[36]

One basis for original jurisdiction for a district court exists where a civil action includes "a claim arising under the Constitution, laws, or treaties of the United States.[37] Absent a proper basis for jurisdiction, however, a removed case must be remanded to State court.[38] This is because an "action by a federal court which lacks subject matter jurisdiction is a nullity and . . . either party . . . can attack jurisdiction at any time even after judgment is rendered . . ."[39] Therefore, the district court has the obligation and duty to carefully consider the pleadings, determine if subject matter jurisdiction exists, and, if it determines that it does not, remand the matter to State court.[40]

---

[36] 28 U.S.C. § 1441(a).
[37] 28 U.S.C. § 1441(c)(A).
[38] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96 (1998).
[39] *Strange v. Arkansas-Oklahoma Gas Corp.*, 537 F. Supp. 138, 139 (W.D. Ak. 1981), *citing Amer. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951).
[40] *Strange*, 537 F. Supp. at 139.

Because Plaintiffs' federal question claim is not yet ripe for review and because all other claims in Plaintiffs' complaint are State law claims, this matter must be remanded to the proper State court.

## IV. CONCLUSION

In accordance with the foregoing analysis, Chapman Township's motion to dismiss is granted in part and denied in part. Count I of Plaintiffs' action is dismissed without prejudice and the matter is remanded to the Court of Common Pleas of Snyder County.

An appropriate Order follows.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge